# GILBERT A. FLYGEN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

## July 14, 1911.

## Nos. 17,134—(147).

**Railway — safety gates.**

> Stegner v. Chicago, M. & St. P. Ry. Co. 94 Minn. 166, followed as to the rule that safety gates at railroad crossings are an implied assurance that the tracks may be safely crossed.

**Dismissal as to one defendant — removal of cause.**

> When, in a personal injury action, a resident defendant is joined with a nonresident defendant, and on motion of the latter the case is dismissed as to the former at the close of plaintiff's case for insufficiency of the evidence, such dismissal does not operate to make the cause removable to the Federal court.

Action in the district court for Ramsey county to recover $25,000 for personal injuries. The complaint set out the ordinance of the city of Minneapolis requiring railway companies to maintain safety gates on streets crossing the tracks during the hours stated in the opinion, and the ordinance of the same city prohibiting a greater speed of train than six miles an hour, except where all street crossings are provided with gates and a gatekeeper or watchman, and defendant's negligence in failing to maintain a flagman or watchman at the place of the accident and in running its trains at a high and unlawful rate of speed. The answer admitted defendant's existence as a railroad corporation under the laws of Wisconsin; that it operated in the city of Minneapolis certain of its tracks crossing Seventh Street South and Sixteenth Avenue South near their intersection; that at the crossing of the tracks by said street and avenue, it had maintained safety gates for the protection of the public and that two ordinances in the language stated in the complaint were passed by the city council of Minneapolis and approved

[1] Reported in 132 N. W. 10.

and published at the dates stated. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $8,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*F. W. Root* and *Nelson J. Wilcox,* for appellant.
*Bracelen & Cronin,* for respondent.

LEWIS, J.

Defendant's tracks cross Sixteenth Avenue South in a residence district of the city of Minneapolis at an angle of forty-five degrees. There are five parallel tracks, and they take up most of the street. A city ordinance required the maintenance and operation of safety gates at the crossing and a gatekeeper or watchman to be on duty from seven a. m. to twelve p. m. About ten p. m. October 11, 1909, plaintiff, a laborer fifty-seven years of age, approached the crossing on the easterly sidewalk walking towards his home, and according to his testimony found the gates up, but he saw no watchman. He looked to the right as he approached the gates, saw no trains, and proceeded over two or three tracks, when he noticed a light, and, looking to the left, saw a train coming into the city. After it passed, he started forward. He had no recollection of what followed. About half an hour afterward he was found unconscious, lying between the westerly tracks and about thirty feet from the line of the sidewalk. His head was cut in several places, and both collar bones were broken, and he did not revive until taken to a hospital.

These facts were sufficient to warrant the jury in finding that the plaintiff was negligent in not having proper gates in operation, or a watchman on duty. The position and condition in which he was found justify the inference that he was struck by an outgoing train of which he had no warning. Stegner v. Chicago, M. & St. P. Ry. Co., 94 Minn. 166, 102 N. W. 205. This case controls, also, on the question of contributory negligence. His line of vision was unobstructed, and if he had looked carefully he would have discovered the approaching train; but he was entitled to assume that no trains

were immediately coming, when he discovered that the gates were up and no watchman was on guard. He apparently took it for granted that no train had come from the city while waiting for the passenger to pass, and advanced without again looking to the right. Under the circumstances, it became a question for the jury whether he acted with that degree of care common to men of ordinary prudence.

His injuries were severe, and we cannot say that the verdict was excessive.

The complaint charged that J. W. Sperbeck, the engineer, or the fireman employed by defendant in propelling the train, were guilty of negligent and wrongful conduct in running the train at a high rate of speed without warning. At the trial no evidence was produced to show that Sperbeck was employed on the train, and when the plaintiff rested the defendant moved to dismiss the action for this reason. The court dismissed the action as to Sperbeck, and the defendant, a nonresident, immediately presented a petition for the removal of the case to the Federal circuit court. The petition was denied, defendant excepted, and the case proceeded. At the close of the evidence the defendant moved for a directed verdict in its favor, which was denied, and then moved for judgment notwithstanding the verdict. The fact that plaintiff did not prove his case against Sperbeck did not prove that he had been fraudulently joined, and the dismissal of the action as to him on defendant's motion did not operate to make the cause removable as to the nonresident defendant. Lathrop, S. & H. Co. v. Interior Construction & Imp. Co. 215 U. S. 246, 30 Sup. Ct. 76, 54 L. ed. 177; Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. ed. 208.

Affirmed.