### HENRY ANDERSON v. ELIZA V. WOOD and Another.[1]

February 27, 1914.

Nos. 18,510—(295).

**Verdict not excessive.**

1. In an action for personal injuries it is *held* that considering the calling of the plaintiff, and the effect of the injuries upon his future earnings therein, the verdict was not excessive.

**New trial.**

2. There were no errors requiring the granting of a new trial.

Action in the district court for Hennepin county to recover $65,-000 for personal injury. The case was tried before Booth, J., and a jury which returned a verdict for $5,960 in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Morton Barrows,* for appellant.

*Olof L. Bruce,* for respondent.

DIBELL, C.

The plaintiff was injured while a passenger on an elevator in the West Hotel in Minneapolis. The legal liability of the defendants

[1] Reported in 145 N. W. 791.

in conceded. The jury returned a verdict of $5,960. The defendants appeal from an order denying their motion for a new trial.

1. It is urged that the damages are excessive.

There were severe injuries to the muscles of one of plaintiff's legs above the knee. No bones were broken. There is an impairment of the function of the limb and there is evidence that it is permanent. The plaintiff experiences difficulty in moving about. He claims that the accident resulted in a hernia or in the aggravation of an existing one. There are evidences of existing neurasthenic conditions.

The plaintiff earned substantially $40 per week as a piano salesman. He is an educated musician and skilful as a pipe organist. As a pipe organist he had been earning $500 per year and was under contract for $600 for 1913. He was accustomed to earn other sums, apparently not large, in the exercise of his musical talents. He was 44 years of age. He claims, and the jury could have found from the evidence, that he can not again play the pipe-organ. His musical activities in other lines will be restricted, and to some extent the pleasure otherwise coming to him through the pursuit of his profession will be lessened.

The award of damages is approved by the trial court and we can not hold it excessive. If the plaintiff can never again earn an income as a pipe organist, or, if he will be substantially deprived of the earnings of that calling, his financial loss is very great. This element of damage, with the others enumerated, if they in fact existed, and whether they did was for the jury, justify the award.

2. A number of assignments of error relate to rulings on evidence and the charge to the jury. These all bear upon minor injuries. Many of the questions to which objection is made were awkwardly and crudely framed. One was whether it was "probable that his condition might be due to this accident." This, of course, was subject to criticism. There was another question of a similar character. On the whole the evidence along these lines was fairly gotten to the jury. The defendant offered to show by one of its medical experts that a blow directly received would not cause a hernia. Objection to it was unwisely made. It seems that this question, in view of

the testimony in behalf of the plaintiff, should have been permitted. However, the defendant a moment later, over the objection of the plaintiff, got the benefit of substantially the same question.

The objections to the charge are based upon the claim that the complaint, relative to the hernia, alleges an entirely new injury and not an aggravation of an old one. We think this claim not of merit.

Order affirmed.