# DENNIS BUCK v. MARY WHIPPLE BUCK and Others.[1]

July 3, 1914.

Nos. 18,699—(152).

**Will — testator's mental capacity — evidence.**

    1. The evidence in this case, one involving the mental capacity of testator to make his will, is *held* not so clearly and palpably against the verdict of the jury as to justify this court in reversing the order of the trial court in denying a new trial.

**Evidence — charge to jury.**

    2. The record presents no reversible error either in the admission or exclusion of evidence or in the instructions of the court to the jury.

From an order of the probate court for Dodge county admitting to probate the last will and testament of Lewis Buck, deceased, Dennis Buck appealed to the district court for that county. The appeal was heard before Childress, J., and a jury which answered in the affirmative the special questions submitted to it, as stated at the beginning of the opinion. From the order denying his motion for a new trial of the single issue of the testamentary capacity of the deceased, Dennis Buck appealed. Affirmed.

*M. H. Boutelle, R. F. Boardman* and *S. L. Pierce,* for appellant.
*J. J. Truax* and *Lord & Ronken,* for respondents.

BROWN, C. J.

Lewis Buck, a resident of Dodge county, died on January 25, 1912, leaving a last will and testament bearing date August 21, 1906, in and by which he disposed of his property, estimated as of the probable value of $25,000, the most of which was given to charitable and religious associations. The will was presented for allowance to the probate court and duly admitted to probate. Appellant herein, Dennis Buck, an adopted son of the testator, contested the allowance of the will and appealed to the district court from the order

[1] Reported in 148 N. W. 117.

admitting it to probate. On the trial in the district court two specific issues were, at the request of contestant, submitted to the jury, namely: (1) Was the testator at the date thereof of sufficient mental capacity to make the will; and (2) was it procured by undue influence? The jury answered the first in the affirmative, thereby finding that the testator had sufficient mental capacity to comprehend his act; but, by answering the second question in the affirmative, found that the will was procured by undue influence. Thereafter the proponent of the will moved the court for a new trial of the second issue, namely, whether the will was procured by undue influence, and the motion was granted. From that order contestant appealed to this court, and the order was affirmed. 122 Minn. 463, 142 N. W. 729. After the cause had been remanded from this court contestant moved for a new trial of the issue of mental capacity, basing the motion upon several grounds, among others, that the verdict of the jury was not sustained by the evidence, and errors occurring at the trial. The motion was denied and contestant again appealed.

1. It was urged on the former appeal that the issues of mental capacity and undue influence are so intimately associated and connected that it was error for the trial court to grant a new trial as to one of the issues only. The contention was not sustained, and we follow and apply our former decision. While the issues are in a measure intimately connected, and evidence upon one would have more or less bearing upon the other, yet they are separate and independent facts and a finding upon one would not control the other. The close association of the two issues comes more particularly in reference to the evidence and not in reference to the principal fact embodied in each, which are essentially independent. This feature of the case can therefore have no controlling importance in the determination of the question, involved on this appeal, whether the court below erred in refusing a new trial upon the issue of mental capacity.

2. The first contention of contestant is that the verdict of the jury, affirming the mental capacity of the testator, is clearly and palpably against the evidence, and that the court erred in not granting a new trial of that issue. We have examined the record with care and are

unable to concur in this contention. It is unnecessary to review the evidence. It would serve no useful purpose. It is sufficient to say that we have fully examined it with the result stated. The case comes clearly within the rule of Hicks v. Stone [13 Minn. 398; (434)]. A large number of witnesses were examined on the trial, about an equal number on each side, and the capacity of testator to transact his affairs was affirmed on the one hand and disputed on the other. The showing by contestant of incapacity is not so clear as to justify this court, far removed from the trial, to interfere and declare the verdict palpably against the evidence. While the evidence offered by contestant tends to show some strange peculiarities in the life and conduct of testator, one fact stands out prominently and without dispute, namely, that testator was, prior and subsequent to the date of the will, of sufficient mental power and capacity to accumulate and retain, until his death, a considerable property, and clearly to designate in the will the persons to whom he wished it to go at his death. He appears to have been frugal, saving and appreciative of the value of property, a condition seldom found in a person of unsound mind. That he gave it to a religious association of his faith is not at all strange, since he fully provided for his second wife, and had no children or others having lawful claims upon his bounty, save the contestant, an adopted son, to whom he gave $500. Church of St. Vincent De Paul v. Brannan, 97 Minn. 349, 107 N. W. 141.

3. The court charged the jury in substance that if they believed from the evidence that the testator, at the time he signed the will, remembered his property and of what it consisted, and understood his relation to his wife, contestant and the other beneficiaries named in the will, as well as the effect of the will in disposing of his property, and was able to hold those things in his mind a sufficient length of time to form a rational judgment concerning them, he was mentally competent to make the will. To this instruction contestant excepted on the motion for a new trial, and it is here urged as erroneous because not differentiating between mental capacity, considered from the standpoint of physical or old age infirmities, and from positive insanity, which contestant claimed was shown. It is

however conceded that the rule stated by the court was correct as applied to old age or physical infirmities. And the test thus applied by the court is supported by the authorities. 28 Am. & Eng. Enc. (2d ed.) 70; Schmidt v. Schmidt, 47 Minn. 451, 50 N. W. 598; Church of St. Vincent De Paul v. Brannan, 97 Minn. 349, 107 N. W. 141; In re Butler's Will, 110 Wis. 70, 85 N. W. 678; Ring v. Lawless, 190 Ill. 520, 60 N. E. 881. We do not find it necessary to consider or determine in this case the merits of the claim of contestant that a different test is applied in cases of insanity. The question was not raised below, no exception was taken to the charge of the court on the trial, and attention was not then called to the point. On the contrary, at the conclusion of the charge of the court, counsel for contestant stated that the instructions were entirely satisfactory. Under such circumstances the objection comes too late. The rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, applies. For the same reason the assignments of error challenging other portions of the charge do not present reversible error, though we do not discover any error of serious importance.

4. The assignments calling in question certain rulings of the court in the admission of evidence do not require extended mention. The questions objected to called for expert opinions as to the mental capacity of testator. To some extent the questions required an answer or conclusion upon the issue in controversy. But this did not render them improper or objectionable in a case of this kind. As remarked in Donnelly v. St. Paul City Ry. Co. 70 Minn. 278, 73 N. W. 157, "the mere fact that the opinion called for covers the very issue which the jury will have to pass upon is not conclusive that it is not the proper subject of expert or opinion evidence." There was therefore no reversible error in the rulings of the court in this respect.

Contestant called Dr. Way as an expert and he gave testimony upon the subject of testator's mental condition. It appeared that he had treated testator professionally at about the date of the will, and counsel for contestant asked the question: "What was the infirmity of which he complained and he was consulting you?" This was objected to as calling for a confidential communication between

physician and patient, and the objection was sustained. We need not stop to consider whether the objection was well taken, within the rule stated in In re Layman, 40 Minn. 371, 42 N. W. 286, for the ruling was not followed by any offer to show that the ailment which the doctor was treating had any relation to testator's mental condition. The question did not indicate that the answer would be pertinent to the issue and an offer showing materiality was necessary. Austin v. Robertson, 25 Minn. 431; 1 Notes on Minn. Reports, 1223.

A careful consideration of all other assignments of error has been made and we discover no sufficient reason for granting a new trial.

Order affirmed.