## CLARENCE STEPP v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY AND ANOTHER.[1]

June 1, 1917.

Nos. 20,328—(132).

**Railway — accident at highway crossing — evidence of negligence.**

1. In an action to recover for injuries in a collision at a street and railroad crossing, the evidence sustains a finding that the defendant was negligent.

**Same — evidence of contributory negligence.**

2. It was not such as to require a finding that the plaintiff was negligent.

Action in the district court for Ramsey county to recover $12,000 for injuries sustained in a collision with defendant's train at a street crossing. The answer of appellant company alleged negligence on plaintiff's part, that he was familiar with the dangers at the crossing in question

[1]Reported in 162 N. W. 1051.

and assumed all risk. The case was tried before Dickson, J., who at the close of the testimony denied motions for directed verdicts in favor of defendants, and a jury which returned a verdict for $900 in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.
*Douglas, Kennedy & Kennedy,* for respondent.

DIBELL, C.

Action to recover for personal injuries sustained in a collision at a street and railroad crossing. There was a verdict for the plaintiff and the defendant appeals.

Questions of negligence and contributory negligence are the only ones.

1. Oak street and University avenue in Minneapolis intersect. The railroad crosses at the street intersection. The plaintiff was driving an auto truck on Oak. He came into collision with a train at the crossing and was injured. The evidence makes it quite certain that a flagman was stationed at the crossing, though the plaintiff contends that there was not. His duties required him to flag for the University avenue crossing as well, and traffic on the avenue engaged his attention just prior to the accident. The plaintiff says that he did not see him or get a warning. Whether the defendant exercised sufficient care for the safety of street travelers was for the jury. Its finding of negligence is sustained.

2. There were gates at the crossings. Because of the accumulation of ice and snow they did not work well and were temporarily abandoned. It had been snowing or sleeting, and was blowing, and street conditions were bad. The plaintiff, driving a 4 or 5 ton truck, was following a street car which crossed the railroad immediately ahead of him. He was familiar with the crossing and was accustomed to the use of the gates. It does not appear that he knew they were not in use, unless the presence of the flagman gave him such knowledge, and he says he did not see him. Without such knowledge the open gates were some assurance of safety. Flygen v. Chicago, M. & St. P. Ry. Co. 115 Minn. 197, 132 N. W. 10; Stegner v. Chicago, M. & St. P. Ry. Co. 94 Minn.

166, 102 N. W. 205. The jury were not required by the evidence to find that the plaintiff did not exercise ordinary care for his safety.

Judgment affirmed.