STATE OF IOWA, Appellee, v. EVERETT VAUGHN, Appellant.

CRIMINAL LAW: Evidence—Opinion Evidence. Where a physi-
1  cian had testified for the State as to the physical condition of the prosecutrix on the day after the alleged rape, and the bloody condition of her clothing, it was error to allow him to be asked, over objection that it was an opinion and conclusion, and not a subject of expert testimony, "Was there anything there that indicated to you in any way, basing your answer on your experience and observation, that there had been willing intercourse?" and to answer, "No, I wouldn't think it was willing."

CRIMINAL LAW: Trial—Course and Conduct in General—Erroneous
2  Admission of Evidence. Where manifestly improper evidence erroneously admitted in a criminal case, is prejudicial, and there is nothing in the record to cure its effect, the case will be reversed, even though there is much competent evidence of defendant's guilt.

*Appeal from Appanoose District Court.*—SENECA CORNELL, Judge.

SEPTEMBER 26, 1919.

PROSECUTION for alleged rape. There was a verdict and judgment of guilty, and the defendant appeals.—*Reversed and remanded.*

*T. G. Fee,* for appellant.

*H. M. Havner,* Attorney General, *H. S. Greenleaf,* County Attorney, and *J. M. Wilson,* Assistant Counsel, for appellee.

EVANS, J.—The prosecuting witness was a girl but a few weeks past 15 years of age. The defendant was a young man 23 years of age, and out on parole from the penitentiary. He was a witness in his own behalf. He testified to having had sexual intercourse with the prosecutrix on the evening of October 11, 1917, the date of the alleged rape, the one question in dispute being whether the intercourse was accomplished by force and against the will of the prosecutrix.

Dr. Davis testified, as a witness for the State, to an examination of the person of the prosecutrix on the day following the alleged rape. From such testimony it appeared that the vagina was swollen and bruised and torn and still bleeding; that there was blood found upon her clothes and body, from the corset to her stockings, and that it was not menstrual. Following such testimony, the record shows the following:

1. CRIMINAL LAW: evidence: opinion evidence.

"Q. Was there anything there that indicated to you in any way, basing your answer on your experience and observation, that there had been willing intercourse? (Defendant objects as incompetent, irrelevant, immaterial, not a subject of expert testimony, and calling for the opinion

and conclusion of the witness. Objection overruled, and defendant excepts.) A. No, I wouldn't think that it was willing intercourse. (Defendant moves to strike out the answer as incompetent, an opinion and conclusion of the witness, and not a subject of expert testimony. Motion overruled. Defendant excepts.)"

Other similar questions and answers were admitted.

The foregoing presents the one serious question in the case, and is presented as a ground of reversal. We deem it plain that the defendant's objection to the question and his motion to strike the answer should have been sustained. It is strongly urged for the State that the other competent evidence was so overwhelming and practically conclusive of the defendant's guilt that the ruling herein noted should be deemed nonprejudicial. There is much to be said for the weight of the competent evidence as to the defendant's guilt. We find nothing in the record, however, which can fairly be said to cure the effect of this particular erroneous ruling. The State should have been willing to rely on its competent evidence at the trial, and there was little excuse for its insistence upon evidence so manifestly improper. We feel bound to sustain the assignment of error. The judgment of conviction must, therefore, be reversed, and a new trial ordered.—*Reversed and remanded.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.