IN RE ESTATE OF DAVID WOOD, DECEASED.
## H. S. WOOD AND ANOTHER v. DAVID CONNELL, EXECUTOR OF THE ESTATE OF DAVID WOOD, DECEASED.[1]

November 4, 1921.

No. 22,359.

**Will — mental capacity of testator — undue influence.**

In a will contest the evidence is *held* to sustain the findings of the trial court that testator was of sound and disposing mind, and was not induced to make the will by the undue influence of the principal legatee named therein, and, further, that the record presents no reversible error.

Horatio S. Wood and Victor Wood, brothers of deceased, filed objections in the probate court for Le Sueur county to the allowance of the last will of David Wood, deceased. From the order of the probate court admitting the will to probate, contestants appealed to the district court for that county. The appeal was heard before Olsen, judge of the Twelfth judicial district, acting in the place of Tifft, J., and he made findings and affirmed the order of the probate court. From an order denying their motion for a new trial, contestants appealed. Affirmed.

*C. C. Kolars* and *Moonan & Moonan,* for appellants.

*Douglas, Kennedy & Kennedy,* for respondent.

BROWN, C. J.

David Wood, late of Le Sueur county, died on June 5, 1919, leaving a last will and testament by which he made disposition of his property and effects at his death. He left surviving as heirs and next of kin

[1]Reported in 184 N. W. 955.

two brothers, a sister and a half sister; he had never been married, therefore left surviving no wife and children. Subject to a gift of one dollar to each of the brothers and the half sister, he devised and bequeathed all his property to his sister, Mary Ann O'Leary. The will was presented to the probate court with a petition for its allowance and probate. The brothers appeared and joined in objections to the allowance of the will on the grounds, among others, that decedent was mentally incompetent, and was induced to make it by the undue influence of Mrs. O'Leary, the principal beneficiary named therein. The probate court upheld the will and ordered it admitted to probate, from which an appeal was taken to the district court. A like conclusion was reached after trial in the district court, that court having found the grounds of contest not sustained by the evidence. Contestants moved for a new trial and appealed from an order denying the same.

The principal question presented by the assignments of error, is whether the findings of the trial court to the effect that decedent had mental capacity to make the will, and that there was no undue influence exerted by Mrs. O'Leary, are sustained by the evidence. One or two assignments relating to rulings on the admission of evidence present no serious question or ground for a new trial, and we pass them without comment.

The rule guiding our conclusion upon the main question, the sufficiency of the evidence to support the findings of the trial court, is well settled. Unless the evidence is clearly, or as sometimes expressed manifestly, against the findings, this court will not interfere. In the light of the rule we have read the record with care, and find no sufficient reason for disapproving the action of the trial court and therefore sustain the findings. An extended discussion of the evidence would serve no useful purpose.

Decedent had resided in Le Sueur county in the neighborhood where he died for a good many years. He was not above the intelligence of mankind in general, but rather below what is generally found in the common run of men. He had experienced some differences or disagreements with his brothers, but seems to have had full confidence in his sister, Mrs. O'Leary, and there existed between them the regard for

the welfare of each usually found between brother and sister; she befriended him, while he thought that his property was the motive behind whatever interest his brothers may have shown him. There was an attempt to place him under guardianship, but it failed. Wood v. Wood, 137 Minn. 252, 163 N. W. 297. We then held that the evidence there presented was sufficient to support a finding of competency on the part of decedent. In point of substance the evidence now before the court with one exception is about the same as on that appeal. After the remand of that cause, there was a motion for a new trial on the ground of newly discovered evidence, which was denied by the trial court. The order was reversed on appeal to this court, on the ground that the new evidence made a clear case of mental incompetency. The particular evidence then under consideration was a showing that decedent had disposed of all his property to his sister, without provision for his future support. The explanation given for the transaction was that decedent wanted the property to go to his sister in compensation for services rendered to him. It now appears that the transfer to his sister was a good faith transaction and under advice of counsel, not an overreaching by Mrs. O'Leary or the result of incompetence on the part of decedent. This fact changes the appearance of the transaction from the improvident character shown on the former appeal. Wood v. Wood, 140 Minn. 130, 167 N. W. 358.

Some 12 or 15 witnesses, neighbors who had known decedent for many years, testified to his average mental capacity; that he was qualified and competent to care for his property and effects. The sole witnesses to the contrary were his two brothers and their wives. The trial judge was confronted with each and all of them and was in favorable position to judge the credibility and weight to be given their testimony. Therefrom he found decedent competent to make the will, and further that no undue influence was exerted to bring the execution thereof about. And, as heretofore remarked, we find from the evidence, taken as a whole, no sufficient reason for interference. Walso v. Latterner, 143 Minn. 364, 173 N. W. 711; Woodville v. Morrill, 130 Minn. 92, 153 N. W. 131; In re Hess' Will, 48 Minn. 504, 51 N. W. 614, 31 Am. St. 665;

Thill v. Freiermuth, 132 Minn. 242, 156 N. W. 260; Buck v. Buck, 126 Minn. 275, 148 N. W. 117.

Order affirmed.