STATE v. BEN GREENSTEIN.[1]

March 20, 1925.

No. 24,465.

**Conviction of defendant sustained.**
> The verdict that defendant was guilty of rape is sustained by the evidence.

*Headnote.  See Rape, 33 Cyc. p. 1486.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of rape, tried in the district court for that county before Dickinson, J., and a jury which found him guilty as charged in the indictment.  Defendant appealed from an order deying his motion for a new trial.  Affirmed.

*A. M. Cary* and *Nathan Rivkin*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Floyd B. Olson*, County Attorney, *William G. Compton* and *Edward J. Goff*, Assistant County Attorneys, for respondent.

TAYLOR, C.

The defendant was convicted of the crime of rape and appealed from an order denying a new trial.

The only question presented is whether the evidence justified the jury in finding that the prosecutrix had resisted to the extent requisite for the act to constitute rape.

The prosecutrix, who was a telephone operator, and another girl, who was employed by a candy company, roomed together in an apartment building in Minneapolis.  The other girl had been ill in bed for two or three weeks.  About 2 o'clock in the morning of Saturday March 15, 1924, defendant and a man named Krostick rapped and kicked on the door of the girls' room, and demanded admittance saying they were police officers and accusing the girls of

[1]Reported in 202 N. W. 892.

having a man in their room. The girls protested that they were alone, but after repeated demands the prosecutrix opened the door and told them to see for themselves that there was no man there. They pretended to search the room and then said that the man had jumped out of the window, that the girls were under arrest, and ordered them to dress to go to the police station. The girls dressed and were taken to a touring car with curtains on, parked across the street from the building, and directed to get into the car. They did so. Krostick said he would look around the building for the man and did not get into the car, and, so far as appears, took no further part in the affair. Defendant started with the car but, as they started, the sick girl became so ill that he called to Krostick that she was sick and turned back to the apartment and permitted her to get out. The prosecutrix wanted to get out with her, but defendant refused saying:

"No, you are all right, you are going to the police department with me."

He drove down to the court house. She asked if there was any one to whom she could tell her story. He said no, she must stay in jail. She urged that she would lose her job, and after some parley he said he would take her home. On the way back he stopped at the Yellow Cab Station ostensibly to see the man that he said had made the complaint. Arriving at the apartment he stopped on the opposite side of the street. She says that she opened the door and attempted to get out; that he pulled her back in the car and slammed the door shut against her arm and leg; that he pulled her over the top of the front seat to the back seat; that she began to cry and begged him to let her go; that she fought him as hard as she could; that she was unable to kick, but pushed his head, his face and his body with her hands; that he bit her, tore her clothes open and accomplished his purpose; and that he then let her go saying:

"Anytime I come up here to get you girls, you let me in, I got this on you."

She went to her room and told her roommate what defendant had done. Her clothing was torn—both her dress and her underclothes—

and her body was bruised in several places. The policewoman saw black and blue spots several days later. That same evening, Saturday, she consulted an attorney, and Monday morning made complaint to the county attorney. This prosecution followed. Her testimony stands undisputed. Defendant did not testify. Of course the manner and details of the assault rest wholly upon her testimony, but the other parts of her story are fully corroborated.

The assault was committed about 3 o'clock in the morning while the car was standing in the street between apartment buildings in which many people were sleeping. The prosecutrix admitted that she did not make an outcry nor call for help. Defendant urges that her failure to do so shows that the offense was not of the gravity of rape, and cites authorities to that effect. The authorities as to the degree of resistance necessary to establish the fact that the female did not yield are collated in 9 Ann. Cas. 572. See also State v. Ingraham, 118 Minn. 13, 136 N. W. 258. Defendant and Krostick were not officers. They pretended that they were, however, and the prosecutrix believed that she was under arrest. Her failure to scream during the assault was a matter for the jury to consider in connection with all the other circumstances. They found that defendant was guilty of rape, and the record will not permit us to say that his offense was less than that.

Order affirmed.