# PAULINE LETNES v. JOSEPH M. DAVIS.[1]

June 3, 1927.

No. 25,974.

**Verdict for $10,000 not excessive.**

> A young woman 26 years old capable of earning $80 to $115 per month as a teacher was injured in an automobile collision. She suffered a concussion of the brain, and has headaches, dizziness, "falling spells," with rigidity of muscles and setting of teeth. She has a faltering, stumbling gait; is depressed; does not sleep well; her memory, hearing and sight are impaired; she has shrunk in weight from 160 to 129 pounds. *Held*, verdict for $10,000 not excessive.

Appeal and Error, 4 C. J. p. 872 n. 19.
Damages, 17 C. J. p. 1114 n. 98.

See note in L. R. A. 1915F, 30; 46 A. L. R. 1228; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

Defendant appealed from a judgment of the district court for Hennepin county, Baldwin, J. Affirmed.

*A. A. Tenner,* for appellant.

*A. R. Chesnut,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment for $10,424.47 awarded to plaintiff for personal injuries received in an automobile collision.

The sole question presented is whether the verdict for $10,000 is excessive.

Plaintiff was injured on July 15, 1925, while riding on the back seat of a Maxwell car which collided with a Cadillac coupé driven by defendant in the opposite direction. When defendant swung his car to his left to pass a car his left front wheel jammed with the left front wheel of the Maxwell. The engine of the Maxwell was smashed back so that the transmission case was broken open; the

[1]Reported in 214 N. W. 761.

left wheel was broken off; the fender was torn off; the frame was twisted; the windshield was broken, and the steering apparatus was wrecked. There is testimony showing that the Maxwell car was traveling 12 to 15 miles per hour and the Cadillac 30 to 40 miles per hour. The condition of the cars after the accident shows the severity of the impact.

After the accident plaintiff was found in an unconscious condition hanging over the back of the front seat "like a bag of sand." She suffered a concussion of the brain. There was a bruise and swelling over her left frontal prominence extending down to the temporal region. Both eyes were puffed and there was a discharge of blood from the left nostril. She received a severe nervous shock. Her back was wrenched and her legs bruised. She was in the hospital until August 9, 1925, where she received medical attention. Thereafter she remained in Minneapolis receiving medical attention daily until August 13, 1925, when she went to her parents' home on a farm near Crookston. There she had occasional medical attention from a local doctor. She returned to Minneapolis in November, 1925, for a few days for treatment for pains in her head and a pus discharge from her left sinus. The pains in her head became more intense after she left the hospital. She suffers headaches, dizziness, and "falling spells" which cause rigidity of muscles and setting of teeth. She has a faltering, stumbling gait. She had dilated pupils. She has a fast pulse. She is depressed; nervous; does not sleep well; has horrible dreams and frequently wakes with her muscles tense and teeth clenched. She has shrunk in weight from 160 to 129 pounds. She still has shooting pains in her back which are intensified by standing. Her memory is impaired. She is very weak. She suffers pains in her eyes. Her appearance is bad. One of the doctors testified that the hearing of her right ear had lowered from normal to three-twentieths or a loss of seventeen-twentieths of normal hearing. He testified also that there was a muscular deviation of her eyes of seven degrees.

Before the accident plaintiff was a strong, robust, healthy girl 26 years old. At the time of the accident she was a summer student

in the University preparing to become a manual training teacher in rural schools and was assisting with the housework to help meet her necessary expenses. She was capable of doing washing and of milking cows. Now she is unable to do any sewing, reading, playing the piano, dancing, swimming and many other activities that she did before the accident. She was an energetic, ambitious young woman who then had eight years' experience as a teacher capable of earning $80 to $115 per month. Since the accident plaintiff has taught a small country school with the help of a sister who has done all the work involving physical exertion. Plaintiff has been absent considerably from said school. She has been conveyed to and from school in a car. Since leaving the hospital her general condition has been retrogressive. At the time of accident her reflexes were substantially normal. At the time of trial, April 19, 1926, they were "terribly" exaggerated indicating an irritation in the brain or spinal cord.

The verdict does not rest upon subjective symptoms. The character of the injuries will produce definite results. There is evidence which, in the medical field, points unerringly to a disturbance in the brain or spinal cord and establishes the seriousness of plaintiff's condition. The evidence sustains the conclusion of the jury which the trial court has approved without an abuse of discretion. The amount does not indicate prejudice or passion on the part of the jury. Under such circumstances we cannot interfere. The definite rule heretofore clearly announced makes our duty imperative. Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413; Unmacht v. Whitney, 146 Minn. 327, 178 N. W. 886; Quinn v. C. M. & St. P. Ry. Co. 162 Minn. 87, 202 N. W. 275, 46 A. L. R. 1228; Ott v. Tri-State Tel. & Tel. Co. 127 Minn. 373, 149 N. W. 544; Ream v. C. R. I. & P. Ry. Co. 162 Minn. 96, 202 N. W. 276; Anderson v. Wood, 125 Minn. 102, 145 N. W. 791; Hillstrom v. Mannheimer Brothers, 146 Minn. 202, 178 N. W. 881.

Affirmed.