## STATE v. IRA A. COX.[1]

July 15, 1927.

No. 26,245.

**Conviction sustained and new trial unnecessary.**

In a prosecution for rape, *held*:

(1) Evidence sustains verdict.

(2) Under a severe denunciation by defendant's counsel in opening the case to the jury the girl upon whom the crime was perpetrated became hysterical, fell to the floor and was carried from the court room. This incident and scene does not require a new trial.

(3) The trial court has great discretion in the application of the rule as to the propriety of expert testimony, and the mere fact that the opinion of the expert covers the very issue which the jury has to pass upon does not call for its exclusion.

Criminal Law, 16 C. J. p. 748 n. 50; p. 749 n. 56; p. 807 n. 12; 17 C. J. p. 254 n. 51; p. 255 n. 52, 54; p. 265 n. 89.

Rape, 33 Cyc. p. 1475 n. 40, 46; p. 1486 n. 12; p. 1489 n. 35; p. 1517 n. 94, 98.

---

See 11 R. C. L. 583; 2 R. C. L. Supp. 1276; 4 R. C. L. Supp. 712.

[1]Reported in 215 N. W. 189.

Defendant was indicted by the grand jury of Otter Tail county for the crime of rape. Upon trial in the district court the jury returned a verdict of guilty. This appeal is from the judgment of conviction and an order, Parsons, J., denying his motion for a new trial. Affirmed.

*Anton Thompson, W. S. Lauder,* and *Thos. H. Kirby,* for appellant.

*Clifford L. Hilton,* Attorney General, *Chester S. Wilson,* Assistant Attorney General, and *John L. Townley, Jr.,* County Attorney, for the state.

WILSON, C. J.

Appeal from the judgment of conviction and from an order denying a new trial. Defendant was convicted of the crime of rape.

1. Sexual intercourse is admitted. The controversy relates to defendant's claim that the girl consented. There is a sharp conflict between the two. The jury was privileged to find either way. There seems to be weakness in the version of both parties. The very common argument, in cases of this character, is made to the effect that some of the acts as detailed by the girl are improbable and that at the preliminary examination she did not give the identical version as on the trial. Experience teaches that a girl who has been subjected to rape or carnal knowledge, especially when she herself through indiscretion has given an opportunity for the commission of the crime, is reluctant to promptly make a full, frank disclosure. In many instances much is held back by shame and humiliation until little by little the substantial truth is disclosed. The composite judgment of the jury, in considering the unusual ordeal of a good girl subjected to such treatment, and its effect upon her detailed explanation of the unfortunate occurrence, is usually safe. This court cannot concern itself with these matters, which were for the jury. State v. Schomaker, 149 Minn. 141, 182 N. W. 957; State v. Greenstein, 162 Minn. 346, 202 N. W. 892; State v. Coon, 170 Minn. 343, 212 N. W. 588; State v. Jenkins, 171 Minn. 173, 213 N. W. 923; State v. Lightheart, 153 Minn. 40, 189

N. W. 408. The evidence clearly supports the version accepted by the jury and the verdict must stand.

2. The opportunity for commission of the crime resulted from the girl's taking an automobile ride with a stranger late at night. She testified in reference to entering the car: "He put one hand on my shoulder and just got me in that way." One of defendant's counsel in his opening statement to the jury pointed his finger at the girl who sat near counsel for the state, and in a loud, emphatic tone said that the defendant would prove that the charge that the prosecuting witness was dragged into defendant's car was villainous and damnable. Thereupon the girl became hysterical, fell to the floor, moaning and screaming and was carried from the room. Defendant's counsel asked for a mistrial, which was denied, but the court immediately admonished the jury not to permit the incident to affect them in any way. The girl is an educated, refined young woman. Before becoming a university student she was out of high school one year because of her health. The ordeal was probably too much for her. Tragedies do sometimes occur in the court room. The learned trial court said: "I do not see how anyone who witnessed the incident could deem it fabricated." We see nothing in the record to indicate that defendant was prejudiced by this scene. Such matters must necessarily be left largely to the discretion of the trial court.

3. Dr. Sherping, who examined the girl a few hours after the occurrence of the incident, testified that he found her right shoulder swollen and bruised, and that she had bruises on her chest, arms, thighs and other parts of her body. He found evidence of recent sexual intercourse and described conditions of swelling and irritation.

Dr. Baker was also called as a medical expert. His attention was directed to the testimony of Dr. Sherping and other evidence in the case and, over defendant's objection, he was permitted to testify that in his opinion sexual intercourse had not been voluntary on the part of the girl. Defendant challenges the right of a medical expert to express such an opinion, claiming that it usurps the prov-

ince of the jury. Defendant contends that it was for the expert to describe the actual conditions and state what conditions might result from involuntary intercourse, but, because there are other adequate causes which might produce the same conditions, it is for the jury and not the expert to determine whether the conditions were the result of rape. There is authority to support this contention. Noonan v. State, 55 Wis. 258, 12 N. W. 379; State v. Vaughn, 187 Iowa, 146, 173 N. W. 917; State v. Pillsbury, 195 Iowa, 569, 192 N. W. 241; State v. Acklus, 126 Wash. 65, 217 P. 61; Simmons v. State, 105 Miss. 48, 61 So. 826.

But whatever may be the rule elsewhere, this court is not a follower of technicalities in procedure. State v. Nelson, 91 Minn. 143, 97 N. W. 652. We are also committed to the rule that the mere fact that the opinion of an expert covers the very issue which the jury has to pass upon does not call for its exclusion. Donnelly v. St. Paul City Ry. Co. 70 Minn. 278, 73 N. W. 157; Sieber v. G. N. Ry. Co. 76 Minn. 269, 79 N. W. 95; Buck v. Buck, 126 Minn. 275, 148 N. W. 117; In re Estate of Weber, 163 Minn. 389, 204 N. W. 52; State v. Price, 135 Minn. 159, 168, 160 N. W. 577; Spino v. Butler Brothers, 113 Minn. 326, 129 N. W. 590. It is too fine a distinction, in the ordinary case, to say that a witness may be asked if certain conditions might result from certain causes, but that he may not be asked whether, in his opinion, such causes produced such results. The opinions of witnesses possessing peculiar learning or skill are admissible whenever the subject of the inquiry is such that a layman is unlikely to be able to form a correct judgment upon it without such help. Dun. Dig. § 3325. The trial court has great discretion in the application of the rule as to the propriety of expert testimony. Spino v. Butler Brothers, 113 Minn. 326, 129 N. W. 590; State v. Price, 135 Minn. 159, 168, 160 N. W. 677. We regard it of greater importance to get to the truth of the matter than to quibble over distinctions which are impracticable.

Perhaps it would have been better had the expert in this case stated his opinion merely to the effect that the conditions were such as would result from involuntary intercourse. 3 Jones, Ev. 2405,

§ 1313.   Obviously that was the controlling thought of the expert. If the possibility of the condition's being due to some other cause was apparent it could easily have been shown on cross-examination. The important element, as appears from the record, in the judgment of the expert, which led him to his conclusion, was the swelling and irritation.   The opinion goes to the fact that the swollen and irritated condition was due to force.   The jury would know that force in some form was required to produce such a result.   The fact that the opinion carried with it the thought that the particular force was exercised in the commission of the crime of rape was not of such character as to prejudice the jury which certainly understood the scope of the opinion of the doctor.   Indeed the evidence in the case shows that force was used in the commission of the crime.   It fails to show any other force or possible reason for the abnormal condition.

Moreover an expert witness who gives an opinion embracing an ultimate fact which the jury is to determine does not invade the province of the jury any more than an eyewitness who testifies to a decisive fact.   The modern tendency is to make no distinction between evidential and ultimate facts subject to expert opinion. 11 R. C. L. 583, § 14.

Other questions discussed in the briefs are without merit.

Affirmed.