## STANDARD OIL CO. (Indiana) v. ERVIN
### (No. 1750; March 1, 1932; 8 Pac. (2d) 447)

For the plaintiff in error there was a brief by *Hagens & Wehrli*, of Casper, Wyoming, and oral argument by *Mr. G. R. Hagens*.

For the defendant in error there was a brief by *James A. Greenwood*, Attorney General, *Richard J. Jackson*, Deputy Attorney General, *George W. Ferguson*, Assistant Attorney General, and *R. Dwight Wallace*, and oral argument by *Mr. Jackson* and *Mr. Wallace*.

KIMBALL, Chief Justice.

This is a case under the Workmen's Compensation Law. (Rev. St. 1931, Sec. 124-101 et seq.) The defendant in error, the workman, is about 61 years of age, and had been employed as a common laborer for plaintiff in error for several years preceding the accident. He was injured in the arm and shoulder by a fall from a truck, and claimed· compensation for permanent partial disability. His claim, after a hearing without a jury, was allowed by an order of the district judge finding that the workman's arm was

fifty per cent permanently disabled; awarding as compensation $1000, which is one-half the amount allowable for the loss of an arm above the elbow, and directing payment of the award in monthly installments, as provided by the compensation schedule, paragraph (a), § 124-120, Wyo. R. S. 1931.

The employer contends that the evidence is insufficient to support the finding of disability. In view of the rule announced in Standard Oil Co. v. Sullivan, 33 Wyo. 223, 237 Pac. 253, and other cases, we cannot disturb the award on this ground if there is any substantial evidence to support the finding.

There is no doubt that the workman's arm and shoulder were injured by the fall, but he continued in his employment doing light labor, such as janitor work, for about six weeks. He testified that he was able to do this work "pretty well using one hand." During this time the injured arm and shoulder were treated about 25 times by the physician in charge of the employer's hospital. When the workman was discharged from this physician's care, he was also discharged from his job. There was evidence tending to show that before the accident the workman had been put at light jobs for the reason that, due to his age and weak physique, he was unfitted for heavy work. At least one of the reasons for his discharge was that he was no longer able to do the work that the employer had for its common laborers. In the language of one of the bosses, "there wasn't any more light work we could pick out for him."

The employer claims that the above evidence shows that the workman, after the injury, was able and willing to do the same kind of light work that he was doing before, and that, therefore, he was not disabled. We think the authorities under somewhat similar statutes correctly hold that the ability of the workman to continue in his former employment is not a conclusive test on the question of his

disability. As held in Burbage v. Lee, 87 N. J. L. 36, 93 Atl. 859, the term "disability" as used in the statute defining permanent partial disability is not restricted to such disability as impairs present earning power at the particular occupation. To the same effect are High v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S. W. 1095; London Guarantee & Accident Co. v. Industrial Com., 70 Colo. 256, 199 Pac. 962; Cameron Coal Co. v. Dunn, 85 Okla. 219, 205 Pac. 503; Kostida v. Dept. of Labor & Ind., 139 Wash. 629, 247 Pac. 1014.

Evidence on behalf of the workman justified the finding that, following and as the result of the fall, the workman's arm and shoulder were affected by traumatic neuritis which was described as a condition of the nerves of the shoulder causing pain and tenderness with a consequent limitation of movement of the arm. There was evidence that the affected arm could not be put to use without pain. Two physicians testified that by this condition the ability of the workman to do common labor was impaired 50 to 75 per cent. There can be little doubt that the evidence justified a finding of a 50 per cent. loss of use of the arm.

The only witness asked to give an opinion on the question of the permanency of the disability was an osteopath who had treated the injured shoulder 6 or 7 times. The employer in its brief says this witness testified on the subject "without showing any qualification." The point was not raised by objection at the trial. The witness testified that he was a graduate of a school of osteopathy, had practiced his profession since 1925, and was licensed to practice in Wyoming. This was at least some evidence of his qualification. See, Bucher v. Wisconsin Central R. Co., 139 Wis. 597, 120 N. W. 518; Davis v. Anderson, 218 Ala. 557, 119 So. 670. As the opinion was received without objection, we may assume that the qualification of the witness was conceded. State v. Small, 78 N. H. 525, 102 Atl. 883; State v. Cole, 63 Ia. 695, 17 N. W. 183.

The testimony of the witness on the question of the permanency of the disability was not expressed in very clear or satisfactory language. It is with some hesitation that we hold that the trial judge was justified in interpreting the testimony to mean that, in view of the age of the workman, it was probable or likely that the disability would be permanent. There was no other evidence that required the trial judge to reject this opinion, and we cannot say that the record fails to show that there was substantial evidence to warrant the finding that the disability was permanent.

The order of the District Court will be affirmed.

*Affirmed.*

BLUME and RINER, JJ., concur.

Rehearing denied March 29th, 1932, without opinion.