## ARTHUR PICHE v. NORMAN HALVORSON.[1]

April 23, 1937.

No. 31,193.

[1]Reported in 272 N. W. 591.

*W. E. Rowe* and *Nilles, Oehlert & Nilles,* for appellant.
*Robert Pearson* and *Dell & Rosengren,* for respondent.

PETERSON, JUSTICE.

Appeal by defendant from an order denying his motion for new trial after a verdict in favor of plaintiff for $9,000.

Plaintiff was injured on July 14, 1935, in a collision between his automobile and that of defendant. Defendant admitted liability and litigated only the question of damages. Plaintiff, at the time of the accident, was 22 years of age, in good health, and of more than average intelligence. From 1930 to the time of the accident, he managed and operated his father's farm of 320 acres, of which 55 acres were in pasture. He did most of the work, employing help only for the cleaning of seed and shocking and threshing of grain. His mother helped a little with the milking. He testified that he worked long hours, generally from five a. m. to nine p. m., except on Sundays. As a result of the accident plaintiff was very severely injured. The testimony tended to show that he sustained a basal skull fracture which injured the soft tissue of the brain. He sustained stomach injuries, a hernia, many bruises and lacerations, and severe shock and trauma. His sacroiliac joint and his liver were injured. Plaintiff's doctors testified that he was totally and permanently disabled.

Appellant has 55 assignments of error, which he has divided into 12 groups. Each of them has received our thoughtful consideration. We shall refer only to those which present substantial questions.

■ Error is claimed because plaintiff's doctors were permitted to testify that plaintiff was permanently and totally disabled. It is urged that such testimony invades the province of the jury, that it left out of account certain disabilities due to prior injuries of plaintiff referred to in the evidence, and that there is no showing that the disabilities in this case were the result of the particular accident involved in this action. The last two grounds of objection may be disposed of by the fact that the medical opinions were based upon evidence that plaintiff had recovered from the previous

injuries and was well at the time of the accident, and that his present disabilities were the result of injuries caused by this accident. Medical testimony is received because jurors, being inexperienced in such matters, are unlikely to prove capable of forming a correct judgment with respect to them without expert assistance. A physician testifying as an expert may give his opinion as to the extent of disability caused by, and the duration and permanency of, personal injuries. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) §§ 3325, 3327, note 40; 8 R. C. L. p. 635, § 177; 11 R. C. L. p. 609, § 33; 22 C. J. p. 673, § 763; Peterson v. C. M. & St. P. Ry. Co. 38 Minn. 511, 39 N. W. 485; Cooper v. St. Paul City Ry. Co. 54 Minn. 379, 56 N. W. 42; Donnelly v. St. Paul City Ry. Co. 70 Minn. 278, 73 N. W. 157; Skelton v. St. Paul City Ry. Co. 88 Minn. 192, 92 N. W. 960; Hoch v. Byram, 180 Minn. 298, 230 N. W. 823; 4 Wigmore, Evidence (2 ed.) p. 197, § 1975; Cross v. City of Syracuse, 200 N. Y. 393, 94 N. E. 184, 21 Ann. Cas. 324, note 326, *et seq.* There seems to be no dissent from this rule. Note, 21 Ann. Cas. at page 328; Hallum v. Village of Omro, 122 Wis. 337, 99 N. W. 1051; Newton v. Gretter, 60 N. D. 635, 236 N. W. 254; Bankers Lloyds v. Montgomery (Tex. Civ. App.) 42 S. W. (2d) 285; Texas Employers' Ins. Assn. v. Shilling (Tex. Civ. App.) 259 S. W. 236, 238; McDonald v. City Elec. Ry. Co. 144 Mich. 379, 108 N. W. 85; Springfield Con. Ry. Co. v. Welsch, 155 Ill. 511, 40 N. E. 1034; Sillix v. Armour & Co. 99 Kan. 103, 160 P. 1021; Standard Oil Co. v. Ervin, 44 Wyo. 88, 8 P. (2d) 447; Southwest Metals Co. v. Gomez (C. C. A.) 4 F. (2d) 215, 39 A. L. R. 1416; Standard Oil Co. of New Jersey v. Sewell (C. C. A.) 37 F. (2d) 230; Zurich General A. & L. Ins. Co. v. Kerr (Tex. Civ. App.) 54 S. W. (2d) 349.

It is claimed, however, that such testimony is objectionable because it permits the medical expert to give his opinion upon an ultimate issue, citing United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. ed. 617; United States v. Bowman (C. C. A.) 73 F. (2d) 716; United States v. Sparks (C. C. A.) 80 F. (2d) 392; Spencer v. Industrial Comm. 87 Utah, 336, 40 P. (2d) 188. The Spaulding case arose under a war risk insurance policy in which

the sole and only issue was whether or not the plaintiff was "totally and permanently disabled" within the meaning of the policy so as to entitle him to the benefits thereof. After pointing out that the opinions of the experts in that case were without weight because they failed to consider evidence which showed that the plaintiff was not totally and permanently disabled, the court stated that the experts ought not to have been asked or allowed to state their conclusions on the whole case. But this is not such a case. It will be time enough to decide whether the rule of the Spaulding case will be followed when such a case is presented. The other federal cases cited were war risk insurance cases and followed the rule of the Spaulding case. Of course we are not bound by the rule of the federal courts. But the rule of the federal courts both prior to and subsequent to the Spaulding case has been in harmony with our own rule that an expert opinion may be received on an ultimate issue or fact to be decided by the jury. The federal cases observe a distinction that the rule stated is confined to cases in which the opinion does not extend to the merits of the entire case. New York L. Ins. Co. v. Wolf (C. C. A.) 85 F. (2d) 162. The cited case distinguishes United States v. Spaulding and cites among many other cases State v. Cox, 172 Minn. 226, 215 N. W. 189. In the instant case the opinions of the experts did not extend to the entire case but only to one fact to be considered by the jury in assessing damages. The opinions were admissible. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3326. We find no error in this respect.

It is claimed that error resulted from admitting the testimony of a Dr. Pierce that plaintiff's disability at the time of trial was due to the automobile accident. It is said that no foundation was laid for this evidence because the doctor had not examined plaintiff prior to the accident and, further, that the opinion was as to an ultimate fact and thus invaded the province of the jury. A foundation for the testimony of Dr. Pierce was laid by showing that he was present in court during the trial and heard the testimony of plaintiff and plaintiff's mother as to the plaintiff's condition and

injuries; that plaintiff had entirely recovered from the prior injuries and had thereafter been in good health until the time of the automobile accident. He had also heard the testimony of another physician who attended plaintiff for the injuries resulting from the accident. His testimony was based upon an assumption that the evidence stated was true. Dr. Pierce himself had examined plaintiff and had taken X-ray pictures of him which were introduced in evidence and which he used in testifying. This was a sufficient foundation for his testimony. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 3338.

With respect to the testimony invading the province of the jury upon the ground that it stated an opinion upon an ultimate fact or issue to be decided by the jury, it is the contention of appellant that it would have been proper to permit the doctor to state what might have caused plaintiff's injuries but that it was not proper to permit him to state that, in his opinion, this particular accident caused plaintiff's injury. This distinction has been repudiated by the decisions of this court in previous cases as one which is too fine and fanciful as a practical matter. Experts are permitted to give their opinions upon the very issue which the jury will have to decide, but such opinions are not conclusive. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 3327, 3338; Donnelly v. St. Paul City Ry. Co. 70 Minn. 278, 73 N. W. 157; State v. Price, 135 Minn. 159, 160 N. W. 677 (a case of skull fracture); State v. Cox, 172 Minn. 226, 215 N. W. 189. In speaking of this distinction in Donnelly v. St. Paul City Ry. Co. Mr. Justice Mitchell stated [70 Minn. 280]:

"Neither do we appreciate the fine distinctions sometimes sought to be drawn between asking an expert whether, in his opinion, certain causes might produce certain results, and asking him whether, in his opinion, they did produce such results."

In State v. Cox, 172 Minn. 226, 215 N. W. 189, it was held that the giving of an opinion by an expert upon an ultimate fact which the jury is to determine does not invade the province of the jury any more than does the testimony given by an eyewitness as to

any other decisive fact. The tendency is to make no distinction between evidential and ultimate facts subject to expert opinion. 11 R. C. L. p. 583, § 14; Cropper v. Titanium Pigment Co. Inc. (C. C. A.) 47 F. (2d) 1038, 78 A. L. R. 737, and note at page 755.

■ Objection is made because plaintiff was permitted to show that he received $800 per year net earnings from his farming operations and one-half of the cream checks, which amounted to $60 to $75 per month, upon the ground that this income represented, in part at least, a return from invested capital and that such evidence is too contingent and uncertain to be taken into consideration in ascertaining the amount of damages. This evidence was received to prove loss of earning capacity, which was submitted to the jury under proper instructions. The evidence did not show that plaintiff had a capital investment in the farm or any property used in operating it, or that any part of his income was a return on capital invested. On the contrary, it showed that plaintiff's father owned the farm and all the personal property thereon, used in the farming operations, and that in 1930 plaintiff "took the business over on half with him." Thereafter, plaintiff operated the farm and he and his father shared equally in the proceeds. Plaintiff and his father and mother lived together on the farm. After plaintiff was injured, his father, and not plaintiff, hired another man to do the work which plaintiff had done.

There is no evidence of a written contract or any other evidence than that which has been stated as to the terms of the contract between plaintiff and his father. It is not necessary to determine the rights of plaintiff and his father with respect to crops and other produce, nor their status as landlord and tenant, master and servant, or joint adventurers. These questions are discussed in Mutual Benefit L. Ins. Co. v. Canby Inv. Co. 190 Minn. 144, 251 N. W. 129; 16 R. C. L. p. 583, § 58; 2 Minn. L. Rev. 43. Regardless of these matters, the substance of the agreement in a case of this kind is that the parties agree to share the farm products, the owner's share being compensation to him for the use of his land and personal property, and the cropper's share being compensation to

him for services in operating the farm. Putnam v. Wise, 1 Hill (N. Y.) 234, 37 Am. D. 309, and note. The instant case in effect is one in which plaintiff's share represents compensation for his personal services and not a return on invested capital. This court has held that the earnings of a small contractor due to his personal efforts and not arising from invested capital are personal earnings and are properly admissible to prove earning capacity. Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80. This case seems to come within the rule of the cited case. This rule has been applied in similar cases to share-croppers. International & G. N. R. Co. v. Edwards (Tex. Civ. App.) 91 S. W. 640; Mabrey v. Cape Girardeau & J. Gravel Road Co. 92 Mo. App. 596, 69 S. W. 394. The right of an injured party to be compensated for loss of earning power is a substantial one. The earning power of one engaged in business must be measured by the income or profit therefrom attributable to his personal efforts. Profits from the labor of others and returns on invested capital are to be excluded. The rule is simple to state but difficult to apply. It is sufficient for the instant case to say that plaintiff's income appears to be attributable to his own personal efforts in operating and managing his father's farm. Such income is not contingent and too uncertain to be considered in measuring damages. It is to be considered not as a measure of damages to be adopted by the jury but to be taken into consideration to guide them in the exercise of that discretion which to a certain extent is always vested in the jury in determining the amount of damages to be awarded. Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80; 8 R. C. L. p. 650, § 192; Baxter v. Philadelphia & R. Ry. Co. 264 Pa. 467, 107 A. 881, 9 A. L. R. 504; and notes, 9 A. L. R. 510, 27 A. L. R. 430, 63 A. L. R. 142.

■ It is also urged that the verdict is excessive. At the time of the injury plaintiff had an expectancy of a little over 40 years. Immediately prior to the accident he was a healthy, able-bodied, and active young man, and immediately afterwards, as a result thereof, was permanently and totally disabled. His injuries have already been stated. The testimony shows that he could not per-

form even small menial tasks such as sweeping and helping around the house. The plaintiff has sustained not only severe pain and suffering but throughout his life will be rendered incapable of living and enjoying a normal life because of his condition. In addition, he has sustained a very substantial loss of earning power. The measurement of damages in pecuniary terms is a difficult task and is largely in the sound discretion of the jury. The verdict in this case has the approval of the learned trial judge, who states that it is not excessive nor the result of passion or prejudice. It does not appear to us to be excessive. Verdicts awarding comparable amounts for similar injuries have had approval. Crozier v. Minneapolis St. Ry. Co. 106 Minn. 77, 118 N. W. 256; Anderson v. Pittsburgh Coal Co. 108 Minn. 455, 122 N. W. 794, 26 L.R.A.(N.S.) 624; Kitman v. C. B. & Q. R. Co. 113 Minn. 350, 129 N. W. 844; Flygen v. C. M. & St. P. Ry. Co. 115 Minn. 197, 132 N. W. 10; Jacobson v. C. M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L. R. A. 1916D, 144, Ann. Cas. 1918A, 355; Letnes v. Davis, 171 Minn. 399, 214 N. W. 761; Brown v. Knutson, 179 Minn. 123, 228 N. W. 752.

We find no error.

Affirmed.

