## STATE v. GRANT INGRAHAM.[1]

May 24, 1912.

Nos. 17,550—(3).

**Verdict sustained by evidence — charge — motion for continuance.**
     The defendant was convicted on an indictment charging him with the

[1] Reported in 136 N. W. 258.

[Note] Admissibility of declarations by prosecutrix as res gestæ, see note in 19 L.R.A. 744.

crime of rape, and he appealed from an order denying his motion for a new trial. Record considered, and *held* that the verdict is sustained by the evidence, and that the trial court committed no reversible errors either in its rulings as to the admission of evidence, in its instructions to the jury, or in denying defendant's motion for a continuance.

Defendant was indicted by the grand jury for the crime of rape and tried in the district court for the county of Pine before Stolberg, J., and a jury which rendered a verdict of guilty. Defendant's motion for a new trial was denied. From the order denying the motion, defendant appealed. Affirmed.

*John C. Nethaway,* for appellant.

*Lyndon A. Smith,* Attorney General, *Alexander L. Janes,* Assistant Attorney General, and *William H. Lamson,* County Attorney, for the State.

START, C. J.

The defendant was convicted in the district court of the county of Pine of the crime of rape. He appealed from an order denying his motion for a new trial.

The first contention here urged in his behalf is that the verdict of guilty is not justified by the evidence, in that it fails to show that the act was committed against the will or consent of the prosecutrix; or, in other words, that it does not show that she resisted to her utmost, or at least to the extent of her ability. The general abstract rule as to the degree of resistance required on the part of the female in cases of this kind is well settled; and to the effect that, in order to establish that the act was committed against her will or consent, the evidence must, in ordinary cases, show that she resisted to the utmost extent of her ability. State v. Cowing, 99 Minn. 123, 108 N. W. 851, 9 An. Cas. 566. In the application of the rule to particular cases, the question as to the resistance of the prosecutrix is a relative one, depending upon the circumstances of each case, such as the time, place, and character of the assault, and the age, intelligence, courage, and temperament of the female. Obviously, then, it cannot be held as a matter of law that, if the evidence does not show that the prosecutrix did some particular act of resistance, it

fails to show that the act was against her will or consent; and, further, any attempt to apply such a test would be liable to result in a miscarriage of justice and a great wrong to the prosecutrix.

The defendant in this case admitted in his testimony that he had sexual intercourse with the prosecutrix at the time and place alleged in the indictment, but claimed that it was with her consent. There was also other evidence on the part of the defendant tending indirectly at least to corroborate his testimony. The testimony of the prosecutrix was to the effect that the act was committed against her will or consent, and only after a prolonged struggle and resistance on her part, and after she was exhausted. There was also evidence tending to show that she was seen coming swiftly from the direction of the place where the act occurred and shortly thereafter, that she was then excited and sobbing and was exhausted, and, further, that she promptly made complaint of the defendant's conduct to the first person in whom she had confidence she met after the act.

We have made no attempt to refer to the evidence in detail, our purpose being simply to indicate a general outline of it, but we have carefully examined it and given it the consideration which the gravity of the charge against the defendant demands. Upon the whole record we are of the opinion that the verdict is sustained by the evidence. The jury that returned the verdict, and the trial judge who approved it, who saw the witnesses and observed their demeanor, were in a more favorable position to pass upon the credibility of the witnesses than we are. They necessarily found the testimony of the prosecutrix credible, which was solely a question for them, and we are satisfied with their decision in this respect.

It is suggested that there was no evidence that the prosecutrix was not the wife of the defendant. If it was incumbent upon the prosecutrix to prove a negative, the indirect evidence was ample to establish that the prosecutrix was not the wife of the defendant.

A number of alleged errors of law are assigned. The first one is that the trial court erred in not granting the defendant's motion for a continuance. The defendant stated in his affidavit, which was the only basis for his motion, that he had stated to his attor-

ney what he expected to prove by an absent witness, naming him, and his attorney had advised him that he could not safely proceed to the trial of the cause without the testimony of such witness, and, further, that this witness was then in California, and his testimony could not be obtained in time if the case was tried at the then present term of court. Other than this the affidavit contained no statement as to what the witness would testify to if called to testify. The motion was denied on the ground that no sufficient grounds had been shown for a continuance, and the ruling is here urged as error. Whether the continuance should be granted was a question addressed to the sound discretion of the trial court, and its decision thereon cannot be reversed except for an abuse of discretion. 1 Dunnell, Minn. Digest, § 1710. A mere reading of the affidavit shows that the trial judge properly exercised his discretion.

The person to whom the prosecutrix made complaint was asked the following question: "What, if any, exclamation did she make to you as soon as she got to you on the platform?" The defendant objected to the question, which was overruled, and the witness answered to the effect that she said Grant Ingraham was the lowest and dirtiest man she ever saw or heard of. The witness was then asked the questions following:

"Q. After this exclamation was made where did you and she go? A. Into the depot. [Both were in the railway service and on the night force.] Q. What part of the depot? A. Telegraph office. Q. Her office? A. Yes. Q. Did she there make complaint that an assault and rape had been committed on her? Mr. Nethaway: Object to that as incompetent, irrelevant, and immaterial and leading. The court: Objection overruled. Mr. Nethaway: Exception. A. Yes. Q. Did she state to you the particulars thereof? Mr. Nethaway: Objected to as incompetent, irrelevant, and immaterial. The Court: He may answer that question by yes or no. A. No. Q. After she got into the office, what was her condition the rest of the night as you observed it? A. Very blue, felt very blue, and sobbing part of the time."

The rulings of the court on the defendant's objections to the several questions are urged as error. The time, place, and circumstances

under which the exclamations were made, as the evidence tends to show, made them admissible as a part of the res gestæ. State v. Horan, 32 Minn. 394, 20 N. W. 905, 50 Am. Rep. 583; State v. Alton, 105 Minn. 410, 117 N. W. 617, 15 An. Cas. 806.

It was not error to receive them. The second objection was correctly overruled as it was competent to show that the prosecutrix made complaint of the assault soon after it occurred, without giving the name of the offender or other particulars of the complaint.

Errors are also assigned as to the charge of the trial court. The defendant requested the court to instruct the jury that: "The complaining witness must use all her power and avail herself of all natural means of defense, which includes the use of her limbs and pelvic muscles, and voice by calling for aid or [giving] an alarm." The request was refused, but the court did instruct the jury that:

"In order to find the defendant guilty, you must find, as I have stated, that she (the complaining witness) resisted the attempt to the utmost extent of her ability, and that her resistance was forcibly overcome by the defendant. To authorize the conviction of a rape, the jury must find from all the evidence beyond a reasonable doubt that the defendant had carnal connection with the prosecuting witness, and that that carnal connection was forcible and against her will, and that she did not give her consent to the act. To constitute the crime of rape, the will of the female must have been outraged, and her will must have been forcibly overcome, and, as I have stated, she must resist to the utmost of her ability, to the utmost extent of her ability."

So much of the requested instruction as the defendant was entitled to have given was clearly and significantly given to the jury, and it was not error for the court to refuse to submit to the jury an inflexible test for the determination of the question whether the complaining witness resisted to the extent of her ability under all the circumstances as disclosed by the evidence.

The court instructed the jury that, in order to convict the defendant, they must find from the evidence beyond a reasonable doubt that he committed the crime with which he was charged, and further that: "To remove all reasonable doubt from the minds of the jurors

so as to warrant a conviction, the evidence must be such as to satisfy the minds and conscience of the jurors (of the existence of facts necessary to be established to constitute the offense) to a reasonable and moral certainty, and so convince the jurors that they would venture to act upon that conviction in the matters of the highest importance to their own interest." The giving of this instruction is assigned as error, for the reason that the court did not include therein the clause we have inclosed in parentheses. The court had already told the jury that they must find from the evidence beyond a reasonable doubt that the defendant had committed the crime with which he was charged, and it is clear that the jury could not possibly have been left in any doubt as to what the evidence must satisfy them, and that the instruction was correct. To hold otherwise would be the apotheosis of technicality. We find no reversible error in the record.

Order affirmed.