WILDER, Appellant, vs. MILLER, Respondent.

*April 7—May 11, 1926.*

*Intoxicating liquors: Search of automobile without warrant: Smell of alcohol from car: Reasonable grounds for search.*

1. A sheriff who smelled alcohol from an automobile left in storage for the night in a garage and upon examination of the car found a quantity of alcohol and a leaky container, had reasonable grounds for a search of the car without a warrant under sec. 165.01, Stats. *Hoyer v. State,* 180 Wis. 407, distinguished. **p. 139.**

2. Sub. (2) (j) and sub. (23), sec. 165.01, Stats., providing for the search and seizure of vehicles carrying contraband articles, on probable cause without warrant, do not violate the provisions of Const. Wis., art. I, sec. 11, or Const. U. S., amendment IV, as to unreasonable searches and seizures. p. 139.

APPEAL from a judgment of the circuit court for La Crosse county: JAMES WICKHAM, Judge. *Affirmed.*

On the 20th day of September, 1921, the defendant, as sheriff of La Crosse county, seized a certain Marmon touring car then located in a garage in the city of La Crosse. At the time he seized it he found therein certain quantities of alcohol and whisky. The car was confiscated and sold at public auction. No one claimed the car before the sale. This action is by a lien holder, who claims to have a valid chattel mortgage on the car, to recover the proceeds of the sale. As to the seizure of the car the defendant testified as follows:

"I did not have a search warrant at the time the car was seized. I got a telephone call from Mr. Reid, who was then district attorney, along about 8 o'clock in the evening, directing me to come down town, that he wanted to see me at once. I arrived at the garage somewhere between 8 and 9 o'clock. I should judge about 8:30. At the Kane garage, 419 State street. And on arriving there I asked Mr. Kane if he had a car in storage there that night, and he said it was in the back on the washing rack. So I went back to the washing rack and when I got to the car I could smell alcohol. This Marmon car was on the washing rack and had a curtain that was fastened on the rear short seat extending back to the back end of the car. When I smelled alcohol by coming to the car I lifted up the side of the curtain and found six cans of alcohol in there and called the police department and asked them to send a man over to help me get the alcohol out, and later on we took the car out of this garage and took it across the street to a garage, where we left it for storage up to the time it was sold. The car was muddy, wet, and dripping. It was raining, and

rained very hard all that night. It had been raining for some time and was raining when I left the jail. I found 100 gallons of alcohol and one case supposed to be whisky pint bottles. In my examination of the car I found some cans of alcohol and one of the cans was leaking,—so you could smell it. I did not make any search of this car before I smelled the alcohol in it."

The trial court found that the defendant was justified in searching the car without a warrant; that the car was engaged in the unlawful transportation of alcohol contrary to our statutes. The court further found that the plaintiff had not proven any valid lien on the car and entered judgment dismissing the action with costs. From such judgment the plaintiff appealed.

·*F. E. Withrow* of La Crosse, for the appellant.

For the respondent there was a brief by *Lawrence J. Brody,* district attorney of La Crosse county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Brody* and *Mr. Messerschmidt.*

VINJE, C. J. The seizure and sale of the automobile and liquor in question were made under the provisions of sub. (2), par. (j), and sub. (23), sec. 165.01, Stats. The first subsection cited provides:

"The commissioner or any peace officer may examine any vehicle he has good reason to believe is being used in unlawfully transporting liquors and may open and examine any package contained therein or any package in the possession of a carrier which he has good reason to believe contains contraband liquors."

The later subsection cited provides:

"When the commissioner, his deputies or any peace officer shall discover any person in the act of unlawfully transporting intoxicating liquors in any wagon, automobile, water or air craft, or other vehicle, it shall be his duty to seize the

same together with any team used in connection therewith, and arrest any person in charge thereof."

Sec. 11, art. I, of our constitution provides:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

Under these statutory and constitutional provisions the question arises whether the search and seizure in this case were valid. Plaintiff relied upon the case of *Hoyer v. State,* 180 Wis. 407, 193 N. W. 89, to sustain his claim that the search was unlawful. In that case the officer testified that he smelled something "funny" before he began the search. He did not claim that he smelled the odor of eau de vie which he afterwards found in the car, though he said he was familiar with its odor. It also appeared in that case that alcohol had been put into the radiator and that it was broken and leaked. Upon such testimony the court held that there was no reasonable cause for the search and hence it was invalid. Here we have the testimony of the officer that he smelled alcohol from the car before he touched it, and the evidence shows that a can of alcohol was leaking, from which the smell no doubt came. The officer was therefore, by the sense of smell, advised that the car contained alcohol. This information constituted reasonable grounds for the search and distinguishes the case from that of *Hoyer v. State.*

The constitution does not prohibit all searches without a search warrant, but only unreasonable searches, and statutes like ours, providing for the search and seizure upon probable cause of vehicles carrying contraband articles, have been held not violative of either state or federal constitutional

provisions relative to searches and seizures. *Carroll v. U. S.* 267 U. S. 132, 45 Sup. Ct. 280. This case contains a full and illuminating discussion of the subject, and it says:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

See, also, *People v. Cardella,* 233 Mich. 505, 207 N. W. 141, and *Hester v. U. S.* 265 U. S. 57, 44 Sup. Ct. 445.

Since we hold that the search and seizure were lawful, it becomes unnecessary to determine the validity of plaintiff's lien.

*By the Court.*—Judgment affirmed.