Wyss, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—April 5, 1927.*

*Intoxicating liquors: Premises licensed for sale of soft drinks: Search without warrant: Search of automobile on premises: Probable cause.*

1. A prohibition officer is authorized to make search of premises conducted as a soft-drink parlor under license without having a search warrant. p. 621.
2. An automobile belonging to defendant and located on his premises about twenty feet from the rear of a building used as a soft-drink parlor under license is part of the licensed premises, which the officer could search without a warrant. p. 621.
3. In a prosecution for the unlawful possession of intoxicating liquor, the officer is *held* to have had probable cause to search without a warrant defendant's automobile, where defendant had recently been convicted of a violation of the prohibition laws, and where a woman employee, with whom he had had a whispered conversation, proceeded, for the ostensible purpose of taking a ride, to the automobile in which the liquor was actually stored. p. 622.

Error to review a judgment of the circuit court for Green county: George Grimm, Circuit Judge.    *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

Doerfler, J.    The plaintiff in error, hereinafter called the defendant, was found guilty by a jury of having unlawfully in his possession privately distilled intoxicating liquor known as moonshine.    Before sentence a stay was granted by the court to review the conviction.

The sole issue raised consists of whether the search and seizure of the liquor were in contravention of the constitutional provisions of the state and federal constitutions on searches and seizures, and whether the liquor introduced in evidence was lawfully received.

The defendant at the time of the search was conducting a soft-drink parlor, under license, in a building occupied by him in the village of Monticello, in Green county, known as the Central House.    On the 3d day of October, 1924, certain state prohibition officers entered the premises for the purpose of making a search to ascertain whether the liquor laws were being violated.    While making such search one of the officers discovered a five-gallon vessel containing illicit intoxicating liquor, known as moonshine, in the automobile of the defendant, located on his premises about twenty feet away from the rear of the building.    It was stipulated on the trial that the liquor thus found was illicit liquor and that the defendant had possession of it.    It was also shown conclusively on the trial that the defendant had been convicted a short time previous on three counts charging him with a violation of the liquor laws of the state.    In searching the kitchen in the rear of the barroom several vessels were found which, according to the testi-

mony of one of the officers, contained a slight portion of intoxicating liquor. The officer so testifying based his conclusion that these vessels contained intoxicating liquor solely on the sense of smell, and he further testified that he was familiar with the smell of moonshine.

The defendant then suggested that the officer go down into the cellar to make a search, which the officer refused to do, having in mind at the time that if a search were there made, an opportunity would be afforded the defendant, or some one acting for him, to remove any illicit liquor that might be located upon the premises. The officer then left the kitchen to go into the barroom through a hallway, and while in this hallway the officer met a young lady, one of defendant's hired help, with whom the defendant engaged in a whispered conversation. This young lady thereupon left the building, and proceeded to the automobile located as aforesaid, for the purpose of taking a drive. The officer's suspicions were immediately aroused, whereupon he also left the building, made an inspection of the automobile, and there found the five-gallon jug of moonshine whisky. This whisky was introduced in evidence upon the trial, over the objections made by defendant's counsel.

The prohibition officer, under repeated decisions of this court, was authorized to make a search of the premises without a search warrant. It is contended by defendant's counsel that the search of the automobile was illegal for the reason that the automobile was no part of the licensed premises; that it was not a fixture, and could readily be removed from the premises. If this position could be successfully maintained, then the statutes designed for the execution of the liquor laws could be readily evaded and emasculated. A licensed owner of a soft-drink parlor, instead of maintaining one automobile on his premises, in the rear of his buildings, could locate a dozen or more automobiles thereon, filled with illicit liquor, which would facili-

tate his efforts to violate the law upon a large scale.   The issue herein is not whether the automobile is a fixture, but whether or not it was located upon the premises, and whether or not it contained illicit liquor.   In this view of the case, the finding of the illicit liquor in the automobile in question was sufficient to sustain a verdict against the defendant.

But, independent of this consideration, there were sufficient facts which appeared in the evidence to warrant the officer to make the search in question; in other words, he had what is called in the constitutional provisions probable cause.   The defendant operated a soft-drink parlor.   He had a short time previous been convicted of a violation of the liquor laws.   Immediately before making the search of the automobile it was suggested by the defendant that the officer search the cellar.   The officer's experience had taught him that such suggestion was made for the purpose of throwing the officer off the right track and to enable the defendant to cause the liquor in the meantime to be removed. The secret conversation held in the hallway by the defendant with his hired girl was another circumstance which justified the officer in believing that directions had been given to remove the liquor contained on the premises.   Upon following the young lady he ascertained that she proceeded to the automobile in which the liquor was actually stored and subsequently found.   These circumstances, together with the defendant's admitted previous record, established probable cause, under the recent decision of the supreme court of the United States in the case of *Carroll v. U. S.* 267 U. S. 132, 45 Sup. Ct. 280, 69 Lawy. Ed. 543.   See, also, *Wilder v. Miller,* 190 Wis. 136, 208 N. W. 865.

Defendant's counsel rely upon the decision in the case of *Hoyer v. State,* 180 Wis. 407, 193 N. W. 89.   In that case the automobile searched was upon a public highway, and under the facts in that case the search was declared illegal for the reason that no probable cause existed at the time for

the making of the search. This case, therefore, is not an authority in support of defendant's contention.

Our conclusion, therefore, is that the search and seizure were legal and that the illicit liquor was properly received in evidence.

*By the Court.*—Judgment affirmed.