# STATE v. MAX GANDEL.[1]

January 6, 1928.

No. 26,207.

**Misconduct of counsel.**

1. Alleged misconduct of counsel *held* not to present reversible error.

**Limitation on admissible evidence that assaulted woman made prompt complaint.**

2. In prosecutions for rape and indecent assault, evidence that soon after the offense the woman or girl assaulted made complaint of the outrage is admissible on behalf of the state, where the female assaulted is a witness for the state.

The evidence is limited to the fact that complaint was made of an outrage or offense against the woman, and particulars of the offense or the name of the person accused may not be disclosed as part of the complaint.

Where the complaint is made at such a time and under such circumstances as to be part of the res gestae, then the entire complaint or statement, including particulars of the offense and the name of the person charged, is admissible.

**Charge sustained.**

3. Alleged errors in the charge *held* not shown.

**Verdict sustained and new trial denied.**

4. The evidence fully sustains the verdict, and the alleged newly discovered evidence was not such as to justify a new trial.

Assault and Battery, 5 C. J. p. 788 n. 2.
Criminal Law, 16 C. J. p. 577 n. 85; 17 C. J. p. 300 n. 33; p. 309 n. 90.
Rape, 33 Cyc. p. 1463 n. 66; p. 1464 n. 67; p. 1466 n. 70.

See note in 41 L.R.A.(N.S.) 886; 2 A. L. R. 1522; 22 R. C. L. 1212, 1213; 3 R. C. L. Supp. 1306; 5 R. C. L. Supp. 1226; 6 R. C. L. Supp. 1353.

[1]Reported in 217 N. W. 120.

Defendant appealed from an order of the district court for Hennepin county, Nordbye, J. denying his motion for a new trial. Affirmed.

*Schwartz & Halpern,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Floyd B. Olson,* County Attorney, for the state.

OLSEN, C.

Defendant was convicted of the crime of indecent assault and appeals from a denial of his motion for a new trial.

1. Errors are assigned as to the conduct of the assistant county attorney who tried the case, in asking certain questions in the examination of witnesses and in making two statements in his argument to the jury, as set out in assignments of error numbered 3, 4, 8, 9 and 10. These assignments of error have been considered. On cross-examination of defendant's wife, the assistant county attorney asked: "You have heard other complaints against your husband for the same thing up there, have you not?" The question was objected to and the objection sustained. In his argument to the jury he started to refer to his having asked this question, but was stopped before completing any statement or sentence in reference thereto. The assistant county attorney should not have attempted to refer to this question in his argument, but the occurrence does not present reversible error on this record. The other assignments as to misconduct of counsel are unimportant.

2. A recital of the evidence as to the offense is not necessary. It is sufficient here to state that the complainant, Alfhild Lindahl, was a girl about 12 years of age. At the time the crime is charged to have been committed she was away from home, apparently to look after an apartment during the temporary absence of the housewife. Defendant lived in another apartment in the same building. Complainant was alone when defendant came to the apartment and asked to use the telephone. He brought with him his child about two years of age. After the occurrence complainant remained in the apartment and out on the lawn in front thereof with another

young girl for some time. She then assisted in preparing supper for the husband of the lady for whom she was working. She testified that she made complaint to this man and that he said he would speak to defendant about it. Right after supper and some three hours after the assault, she called up her. mother by telephone and made complaint. The mother was called as a witness for the state and was asked to relate what the complainant said to her over the telephone. Objection was made and overruled. The mother then testified to statements so made to her by complainant. The statements so testified to did not name the person charged and were limited in extent, but did relate at least two particulars of the offense.

There appears to be some uncertainty as to the rules governing the admissibility of statements and complaints made by the woman injured in these cases of sex offenses.

Taking indecent liberties with or on the person of a female under the age of 14 years, with or without her consent, is an indecent assault. G. S. 1923, § 10132; State v. West, 39 Minn. 321, 40 N. W. 249.

In cases of rape, attempted rape, or assault with intent to commit rape, it is the general rule that it may be shown by the testimony of the woman injured, or that of other witnesses, that the prosecutrix made complaint of the outrage soon after its commission. 22 R. C. L. p. 1212; State v. Shettleworth, 18 Minn. 191 (208); State v. Rothi, 152 Minn. 73, 188 N. W. 50. As noted in the case last cited, the rule does not apply where the injured female is not produced as a witness. The evidence is usually admitted only in corroboration of the testimony of the complainant, but is admissible as part of the state's case in chief. Conversely, it is generally held that the fact that complaint was not promptly made may be shown by defendant on cross-examination of complainant, or otherwise, to cast discredit upon her testimony.

The rule supported by the weight of authority is that the prosecutrix may testify, and the person to whom complaint is made may testify, only to the fact that complaint was made, and may not as part of such complaint state the particulars of the offense or the

name of the person charged.   22 R. C. L. p. 1213; State v. Shettleworth, 18 Minn. 191 (208) ; Gardner v. Kellogg, 23 Minn. 463; State v. Reid, 39 Minn. 277, 39 N. W. 796; State v. Alton, 105 Minn. 410, 117 N. W. 617, 15 Ann. Cas. 806.   Cases on both sides of the question are cited in the note on page 886, in 41 L.R.A.(N.S.).   The rule has not been strictly observed in this state.   See State v. Krantz, 138 Minn. 114, 164 N. W. 579.   But it is nevertheless the rule here and should not be departed from.

It is suggested that the general rule making evidence of complaint admissible in rape cases does not apply in a case where the charge is indecent assault upon a female under the age of consent and where want of consent is not an element of the crime.

The crime of indecent assault is one of the included offenses in the crime of carnal knowledge or statutory rape under G. S. 1923, § 10125.   See State v. McLeavey, 157 Minn. 408, 196 N. W. 645. "The rule admitting evidence of the complaint is based on the well known fact that when an outrage has been committed on a woman, the instincts of her nature prompt her to make her wrongs known, and to seek sympathy and assistance."   22 R. C. L. p. 1213; Parker v. State, 67 Md. 329, 10 A. 219, 1 A. S. R. 387.   There appears to be no valid reason why the rule should not apply in a case of indecent assault where the girl is of sufficient age and understanding to appreciate the indignity and wrong committed against her.   If with her consent, or if she was not of sufficient age or understanding to appreciate that an indignity or outrage to her had been committed, then her failure to make complaint would be of little or no consequence; but otherwise there is no apparent reason why the fact of complaint being made should not be admissible in this kind of case.

If complaint is made within such time and under such circumstances as to be part of the res gestae, then not only the fact of complaint but details of the complaint, including the name of the person accused, may be given in evidence.   State v. Alton, 105 Minn. 410, 117 N. W. 617, 15 Ann. Cas. 806; State v. Ingraham, 118 Minn. 13, 136 N. W. 258; Roach v. G. N. Ry. Co. 133 Minn. 257, 158 N. W. 232.   This rule applies to both civil and criminal cases.

The rule in this state may be briefly stated as follows: In cases of rape and attempted rape, or assault with intent to commit that crime, and in cases of indecent assault upon a female, whether over or under the age of 14 years, the fact that the female made complaint soon after the outrage may be shown by the state, if she is a witness for the state. Such evidence, in the state's case in chief, is limited to the fact that complaint of an outrage upon the female was made and cannot include a statement of the particular facts or the name of the person accused. But if the statement by the woman injured is made within such time and under such circumstances as to be part of the res gestae, then the entire statement, including the particulars and the name of the accused, is admissible.

The statements testified to in this case by the mother of the complainant were not made so near to the time of the assault nor under such circumstances as to be part of the res gestae. Nevertheless there was no reversible error. The complainant was called as the first witness on the part of the state and testified fully to all of the particulars of the offense, and named and identified the accused as the guilty person. On her direct examination she testified, without objection, that she telephoned to her mother and told her what had happened. She gave no further particulars of the telephone conversation. On cross-examination by defendant's counsel, he asked her this question: "What did you tell your mother over the telephone?" A. "Well, I told them everything that had happened." By this question and answer the jury were fully informed that the complainant had told her mother all the particulars of the offense, in fact much more than was disclosed by the mother in the statement objected to.

On cross-examination of the mother, counsel for defendant also went into this conversation and had her testify to a part of the statements made to her by the complainant. As stated by the trial court, the testimony of the mother as to the telephone conversation mentioned no name and there was no detailed description of the offense. Technically it was error, but practically it amounted to no more than that complaint was made, and the defendant, by having placed before the jury the testimony of complainant that she

had told her mother in this same conversation all the particulars of the offense, which she had just related to the jury, rendered the admission of this testimony of the mother harmless. Where, as in this case, there is ample evidence of guilt, the verdict will not be disturbed for an error of this kind.

3. The objections to two paragraphs of the charge have been considered and found not to present any error.

4. The evidence fully sustains the verdict, and no claim is now made or could be sustained that the alleged newly discovered evidence is such as to justify or require a new trial.

Order affirmed.

HILTON, J. took no part.