HALBACH, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 12—November 5, 1929.*

*L. P. Fox* of Chilton, for the plaintiff in error.

For the defendant in error there was a brief by *L. E. Gooding,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Gooding* and *Mr. Messerschmidt.*

Rosenberry, C. J. The defendant makes five principal claims: (1st) That State's Exhibit 1, the jug and its con-

tents, was improperly admitted in evidence over the defendant's objection. Sec. 165.02 (10), Stats., provides:

". . . Any . . . officer may examine any vehicle he has good reason to believe is being used in unlawfully transporting liquors and may open and examine any package contained therein." . . .

In this respect the case is ruled by *Wilder v. Miller,* 190 Wis. 136, 208 N. W. 865. Circumstances in this case were such as to warrant the officers in making a search, for they had probable cause to believe that the vehicle in question contained moonshine which was by law subject to seizure and confiscation.

(2d) The defendant's second contention is that the trial court erred in submitting the case to the jury on the sole question of unlawful possession and in striking from the information the words "for sale." Sec. 357.19 provides:

"No indictment, information, process, return or other proceedings in a criminal case in the courts or course of justice shall be abated, quashed or reversed for any error or mistake where the person and the case may be rightly understood by the court, and the court may, on motion, order an amendment curing such defect."

Every essential element of the offense was charged in the information as it was filed. The proof did not sustain a charge of having illegal possession of the liquor for sale. The court was therefore well within the field of discretion in directing that the words "for sale" should be stricken from the information and in submitting the case to the jury upon the question of whether or not the defendant was guilty of having privately distilled liquor in his possession.

(3d) It is next contended that the evidence is not sufficient to sustain the verdict. The case presents no more than the usual question of credibility of witnesses and weight of evidence. There is ample evidence in the case if believed by the jury to sustain the verdict.

(4th) The court instructed the jury as follows:

"The defendant enters upon the trial with the presumption of innocence in his favor, and this presumption attends him throughout the trial and must prevail unless it is overcome by evidence sufficiently strong and convincing to satisfy you and each of you of his guilt beyond a reasonable doubt."

*Roen v. State,* 182 Wis. 515, 196 N. W. 825, is cited in support of this contention. In that case the instruction was the same as in this case except that in the *Roen Case,* after the words "throughout the trial," the court inserted "until such time if at all as it is overcome by credible evidence." It was the insertion of these words that was held to make the instruction erroneous. In the *Roen Case* the court said:

"The jury may have inferred from this that at some stage of the trial before its conclusion sufficient evidence had been adduced to overcome the presumption, thus shifting the burden upon the defendant, and we consider the instruction as given erroneous."

The instruction in the case under consideration is certainly not subject to the infirmity pointed out in the *Roen Case.* If the presumption attends him throughout the trial it attends him to the end of the trial, and must then prevail unless overcome by evidence sufficiently strong to satisfy the jury of the defendant's guilt beyond a reasonable doubt. The instruction as given was in strict conformity to the law upon the subject.

(5th) After the conviction of the defendant, ch. 165, Stats., pursuant to the provisions of which the defendant was convicted, was repealed by ch. 129 of the Laws of 1929, the repealing act taking effect May 31, 1929. The repealing act contained no saving clause, and it is the contention of the defendant that the repeal of the statute prevents an affirmance of the conviction and that the judgment must be reversed, citing note in 23 L. R. A. N. s. 243, and cases there cited.

Sec. 370.04 provides:

"The repeal of a statute hereafter shall not remit, defeat or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof. . . . And criminal prosecutions and actions at law or in equity founded upon such repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force, . . . unless the offenses, penalties, forfeitures or rights of action on which such prosecutions or actions shall be founded shall be specially and expressly remitted, abrogated or done away with by such repealing statute."

Under a former statute it was held in *Dillon v. Linder,* 36 Wis. 344, that the general saving statute as it then existed did not save the cause of action itself but merely saved the right of action, and in order to be effectual in such case the right of action as well as the cause of action must be saved. Subsequently the statute was amended for the very purpose of avoiding the effect of the decision as in *Dillon v. Linder, supra. Miller v. Chicago & N. W. R. Co.* 133 Wis. 183, 113 N. W. 384; *H. W. Wright L. Co. v. Hixon,* 105 Wis. 153, 80 N. W. 1110, 1135. It would be difficult to use language which would more clearly express the legislative intent that causes of action, whether civil or criminal, should not be affected by the subsequent repeal of the statute creating the cause of action as distinguished from the right of action, unless rights accrued under the repealed statute are expressly abrogated by the repealing statute. The power of the legislature to abrogate such rights is limited as indicated in *H. W. Wright L. Co. v. Hixon, supra.*

*By the Court.*—Judgment affirmed.

FOWLER, J., took no part.