## STATE v. ERNEST F. HUFFSTUTLER.

130 N. W. (2d) 347.

August 21, 1964—No. 38,996.

MURPHY, JUSTICE.

Defendant appeals from a judgment of conviction of grand larceny

in the first degree. Numerous errors are assigned. It is asserted that defendant was denied a fair trial by the admission of slanderous and incompetent testimony; that the court erred in permitting testimony with reference to an alleged offer of defendant to plead guilty prior to the trial; that the conduct of the prosecuting attorney in repeatedly questioning defendant on his failure to volunteer information to the arresting officer was improper; and that evidence introduced at the trial was the product of an unlawful search and seizure.

From the record it appears that a Mauser rifle with a case and bag of shells, a yellow Ray-O-Vac flashlight with batteries, and two cartons and some loose packs of cigarettes were taken from a rural store in Beltrami County during the early morning hours of April 12, 1962. That evening the police received information that a man had attempted to sell a rifle at a liquor store in a neighboring village. They were given a rather complete description of the car in which the person was riding, including its make, color, and license number. Later on that evening, the deputy sheriff located the car outside a tavern. Looking through the windows of the car, the officers saw a flashlight which resembled the one stolen. They found defendant in the tavern in an intoxicated condition. He was interviewed by them and later identified as the man who tried to sell the rifle at the liquor store. He denied that the car was his or that he had anything to do with it. When he was booked on the charge of drunkenness, he had possession of the keys to the automobile and surrendered them to the police officers. He later admitted driving the car on the day in question. After serving a 10-day sentence for drunkenness, defendant was charged with the offense for which he was convicted. He admitted at the trial that he had possession of the rifle, cigarettes, and flashlight, and that he attempted to sell the rifle. He claimed that he bought these articles from two Indians for $11.50 on the morning of the day he was arrested. One of the witnesses, Catherine Johnson, who had been with defendant most of April 12, testified to his possession of the stolen property and of his attempted, and later successful, sale of the rifle.

We think the record fully supports the finding of the jury that defendant was guilty of the crime charged. The record, however, is fatally

marred by improper conduct which prevented defendant from having a fair trial. The trial court was aware of this fact and vigorously censured the prosecuting authorities by saying, "I have very serious doubts as to whether it is my duty to declare a mistrial in this case or not, because of the question asked by the County Attorney and the answer given by you [deputy sheriff] now and to the former question [about Catherine Johnson]." He denied defendant's motion for a mistrial, however, and instructed the jury to disregard the prejudicial testimony.

■ The prejudicial testimony which requires a new trial was contributed by the deputy sheriff on direct examination. It appeared that during the day following the theft defendant had spent much of his time with the witness Catherine Johnson. When the deputy was asked to relate his conversation with defendant in the sheriff's office on the day following defendant's arrest, he said:

"Well, my introductory remarks to him were: 'Do you know Catherine Johnson?' And he said, 'No.'. He denied any knowledge of her and I said, 'Well, be that as it may,' I said, 'I thought I would just inform you that Catherine had been known to have social diseases on occasion and I might let you know about that so you can be watchful.' 'Well,' he answered, 'well, if she has got it, I got it too.' "

We have in a number of cases considered the effect of questions put by prosecuting attorneys to witnesses with reference to the character of defendant. State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; State v. Gress, 250 Minn. 337, 84 N. W. (2d) 616; State v. Rutledge, 142 Minn. 117, 171 N. W. 275; State v. Gandel, 173 Minn. 305, 217 N. W. 120; State v. Gorman, 219 Minn. 162, 17 N. W. (2d) 42; State v. Flowers, 262 Minn. 164, 114 N. W. (2d) 78. In the Gress case we pointed out that (250 Minn. 348, 84 N. W. [2d] 624) "where the prosecuting attorney asks incompetent or irrelevant questions calculated to prejudice defendant in the eyes of the jury, his conduct constitutes reversible error even though objections thereto are sustained and even though the questions were asked in good faith by the prosecutor."

Unlike the cases cited where the prejudice was created by the improper question of the prosecutor, the damage in the case before us

lies in the low blow contributed by the answer. The fact that the prejudicial information was volunteered by the witness does not render it less harmful to defendant. The prejudicial testimony came from the state's witness, a public official, and the prosecution is entirely responsible for its presence in the record. Ulmer v. State, 106 Tex. Cr. 349, 292 S. W. 245; People v. Robinson, 273 N. Y. 438, 8 N. E. (2d) 25.

It is true that the trial court instructed the jury to disregard the prejudicial statement, but we do not think that that admonition was sufficient to repair the damage. In State v. Reardon, 245 Minn. 509, 513, 73 N. W. (2d) 192, 194, we said:

"It is well recognized that mistakes occur in most trials and, where they do not substantially affect the rights of the parties, it may be expected that the trial court by proper instruction can rely upon the intelligence and restraint of a jury to disregard them. Where, however, the impact of the prejudicial remark may be such as to impart to the minds of the jury substantial prejudicial evidence not properly a part of the case, it is taking too much for granted to say its effect can be removed by an instruction from the court. In his concurring opinion in Krulewitch v. United States, 336 U. S. 440, 453, 69 S. Ct. 716, 723, 93 L. ed. 790, 799, Mr. Justice Jackson said: 'The naive assumption that prejudicial effects can be overcome by instructions to the jury, * * * all practicing lawyers know to be unmitigated fiction.' "

The foregoing statement applies with equal force to the facts in this case.

■ In answer to defendant's claim that he was prejudiced by the admission in evidence of the flashlight which he claimed was illegally seized, we need only point out that the flashlight was not the fruit of a search at all since it was seen by the police through the window before the car was entered. "To see that which is in plain sight is not a search." People v. Davis, 188 Cal. App. (2d) 718, 10 Cal. Rptr. 610, 613. See, also, People v. Cardella, 233 Mich. 505, 207 N. W. 141; Halbach v. State, 200 Wis. 145, 227 N. W. 306.

The other points raised by the appeal do not require discussion. Reversed and new trial granted.