IN RE WELFARE OF DAVID SCALZO.
BARBARA FORSLUND v. HENNEPIN COUNTY
WELFARE DEPARTMENT.

220 N. W. 2d 495.

July 12, 1974—No. 43741.

*Wayne A. Pokorny,* for appellant.

*Gary W. Flakne,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

PER CURIAM.

This is an appeal from an order, pursuant to Minn. St. 1971, § 260.221, terminating the parental rights of petitioner, Barbara Forslund, to her child, David Scalzo. The child's father consented to the termination of his parental rights. We affirm.

On June 21, 1971, the child was found by the court to be neglected and custody was given to the Hennepin County Welfare Department. On December 13, 1971, the court issued an order returning physical custody of the child to petitioner and retaining legal custody in the welfare department. The order also provided that the child was to be removed from petitioner's custody if any one of eight conditions was found to exist. The first condition prohibited her from becoming intoxicated. If she became intoxicated, the Hennepin County Welfare Department was to remove the child from her custody.

On February 11, 1972, a caseworker for the Hennepin County Welfare

Department, who knew petitioner and petitioner's case very well, received a telephone message indicating that she should return a call to petitioner. The caseworker telephoned petitioner at 1 p.m. From the telephone conversation, the caseworker determined that petitioner was intoxicated. The caseworker then informed her supervisor that petitioner was intoxicated and, as a consequence of her intoxication, was in violation of the court order. The supervisor, after a conference with the court unit and the program director, requested assignment of two policemen to aid and accompany the caseworker in taking custody of the child.

Unsure of whether they could enter the apartment and take custody of the child without a search warrant, the policemen returned to the police station to check with their superiors. Assured that they could proceed without a warrant, they went to the apartment at about 2 p.m.

The policemen estimated that they knocked and announced their presence for about 10 or 15 minutes. They knocked first with their fists and then with their flashlights. They were so loud that the neighbor across the hall came out to ask what was going on. Though coughing and mumbling was heard coming from inside the apartment, petitioner did not respond to the request for entry. Both a secretary from the office below the apartment and the neighbor from across the hall told the policemen that they thought petitioner and her child were in the apartment. Finally, the policemen kicked the door in and entered. They entered only as far as the bedroom where petitioner and her child were found and remained in the apartment just long enough for the child to dress. No search was made except for observations made by the policemen while standing by the bedroom. The policemen testified that petitioner was intoxicated.

In this appeal petitioner contends that the court improperly terminated her parental rights. She argues that evidence obtained by forcible entry into the apartment should be excluded. Petitioner also argues that the evidence does not sustain the court's findings and that the Hennepin County Welfare Department did not make reasonable efforts "to correct the conditions leading to the determination [of neglect]." Minn. St. 260.221(b)(5).

The evidence obtained from this forcible entry is not subject to the exclusionary rule. Minn. St. 260.165, subd. 1(c)(2), which authorized the policemen's entry, provides:

"Subdivision 1.   No child may be taken into immediate custody except:

\* \* \* \* \*

"(c) By a peace officer

\* \* \* \* \*

"(2) when a child is found in surroundings or conditions which endanger the child's health or welfare or which such peace officer reasonably believes will endanger such child's health or welfare."

Acting with a reasonable belief that the child's health or welfare was endangered, the policemen could properly enter and take custody of the child. The observations made by the policemen when they entered the apartment fall within the "plain view" exception and may be properly included in evidence. State v. Huffstutler, 269 Minn. 153, 130 N. W. 2d 347 (1964).

We have reviewed the entire record and find that petitioner's parental rights were properly terminated. The court's findings are sustained by the evidence and reasonable efforts were made by the Hennepin County Welfare Department to assist in correction of the problems which resulted in the termination of petitioner's parental rights.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.